UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMY HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:   1:19-cv-02691- |
| | ) | |
| RYDER SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Ms. Amy Hunter, hereinafter "Ms. Hunter", by counsel,

pursuant to Fed. R. Civ. P. 3, and files her Complaint against Defendant, Ryder System, Inc., and

shows the Court the following:

## JURISDICTION AND VENUE

1.      This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331,

1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101et seq., Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. §

1983 and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA").

2.      The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Southern District of

Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division

pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3.      This Court has Supplemental jurisdiction over the state law claims alleged in this

Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is

proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4.      The Plaintiff, Ms. Hunter, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII and a qualified employee as defined in 29 C.F.R. 825.800 (FMLA).

5.      Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII and a covered employer as the term is defined in 29 C.F.R. 825.104 (FMLA).

6.      Defendant is a foreign for-profit corporation doing business in the state of Indiana and registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7.      On or about July 20, 2020, Ms. Hunter filed timely charges of Disability Discrimination in violation of the ADA, against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2020-02352.

8.      On or about August 4, 2020, Ms. Hunter received a Notice of Right to Sue from the EEOC for Charge Number 470-2020-02352, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9.      The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10.     The Defendant hired Ms. Hunter on or about November of 2017.

11.     Throughout her employment with Defendant, Ms. Hunter met or exceeded Defendant's legitimate expectations of performance.

12.     From the beginning of her employment with Defendant, Ms. Hunter was limited in which departments she could work in and her abilities due to being disabled and having to wear a prosthetic on her left leg.

13.     While employed by Defendant, Ms. Hunter suffered an injury to her left leg and was forced to take time off work.

14.     After sustaining the injury, Ms. Hunter attempted to return to work but was informed by Defendant that she would not be returning to her regular position.

15.     Ms. Hunter was placed in a different department and was given a position that was more physically demanding than her original position. Ultimately, Ms. Hunter was not able to perform the job duties and had to finish her recovery at home.

16.     Upon completion of physical therapy, Ms. Hunter returned to work and was placed in her original position.

17.     After completing physical therapy and returning to work, Ms. Hunter became aware that her job position was listed on Defendant's website.

18.     She also was contacted by a former HR Representative of Defendant who told her that Defendant was attempting to terminate Ms. Hunter.

19.     Shortly after she realized her job could be in jeopardy, Ms. Hunter became pregnant and promptly notified Defendant.

20.     Towards the end of her pregnancy, Ms. Hunter applied for a new position with Defendant so that she could be moved to a day shift position and work in a new facility.

21.     Once Ms. Hunter was in the new position, her job became challenging due to Defendant's lack of accommodations.

22.     Defendant failed to continue Ms. Hunter's previous accommodations, such as providing her with a golf cart for transportation around the facility, as well as providing Ms. Hunter with the necessary tools, software, and instructions she needed to perform her job.

23.     In June of 2019, Ms. Hunter had to apply for FMLA leave due to preterm labor complications with her pregnancy.

24.     After Ms. Hunter was notified of the fact that the days she could use for her FMLA leave would be assigned to her by Defendant, Ms. Hunter provided statements from her doctor indicating when her appointments were. However, Defendant failed to accommodate Ms. Hunter's appointments and assigned FMLA on dates Ms. Hunter did not have medical appointments and therefore did not need FMLA leave.

25.     On or about July of 2019, Ms. Hunter was placed off work due to her preterm labor complications that became uncontrollable.

26.     Defendant informed Ms. Hunter that she would not have FMLA leave available to use after her delivery due to the time off that was used prior to delivery.

27.     Ms. Hunter was only allowed six (6) weeks of maternity leave. However, the Defendant's company policy allows employees, such as Ms. Hunter, twelve (12) weeks of maternity leave.

28.     After giving birth in August 2019, Ms. Hunter developed post partum issues which required more time off of work and she was placed on short term disability.

29.     She also learned that she had a neurological issue which required treatment.

30.     In December of 2019, Ms. Hunter had surgery. Shortly after her surgery, the medical facility alerted her that she did not have health insurance. This is when Ms. Hunter was first apprised of the fact that she no longer had health insurance benefits with Defendant.

31.     Ms. Hunter then received a letter from Defendant discussing the possibility of termination due to Ms. Hunter's disability and Ms. Hunter not being cleared by a doctor to return to work.

32.     Then, on or about January 1, 2020, Ms. Hunter received a second letter from Defendant stating her employment had been terminated as of December 31, 2019 in order for her to receive long term disability benefits.

33.     Ms. Hunter's health insurance was canceled before she received any notice that if her restrictions were not lifted she would be terminated.

34.     Defendant discriminated against Ms. Hunter due to her disability.

35.     Defendant failed to accommodate Ms. Hunter's disability and then terminated her when she was not cleared to return to work.

36.     Defendant terminated Ms. Hunter in retaliation for exercising her rights under the FMLA.

37.     Defendant failed to properly reinstate Ms. Hunter to her position as required by the FMLA.

38.     Defendant terminated Ms. Hunter due to the use of her FMLA.

39.     Defendant retaliated against Ms. Hunter for seeking and using her benefits under the FMLA.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Ms. Hunter, for her first claim for relief against Defendant, states as follows:

40.     Ms. Hunter hereby incorporates by reference paragraphs 1 through 39 as though previously set out herein.

41.     At all times relevant to this action, Ms. Hunter was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

42.     The conduct as described hereinabove constitutes discrimination based on Ms. Hunter's disability.

43.     The Defendant willfully and intentionally failed to accommodate Ms. Hunter's disability.

44.     Defendant intentionally and willfully discriminated against Ms. Hunter because she is disabled and/or because Ms. Hunter has a record of being disabled and/or because Defendant regarded Ms. Hunter as disabled. Similarly situated non-disabled employees were treated more favorably in the terms of privileges, and conditions of their employment.

45.     Defendant's actions were intentional, willful and in reckless disregard of Ms. Hunter's rights as protected by the ADA and Title VII.

46.     Ms. Hunter has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II
## FAMILY MEDICAL LEAVE ACT

47.     Ms. Hunter hereby incorporates by reference paragraphs 1 through 46 as though previously set out herein.

48.     The Defendant's termination of Ms. Hunter was in violation of her rights under the FMLA.

49.     The Defendant intentionally tried to interfere with Ms. Hunter's right to FMLA.

50.     The Defendant failed to give Ms. Hunter proper notices as required under the FMLA.

51.     The Defendant retaliated against Ms. Hunter for her use of benefits under the FMLA.

52.     Defendant's actions were intentional, willful, malicious and done in reckless disregard of Ms. Hunter's legal rights under the FMLA.

53.     Ms. Hunter has suffered economic damages as a result of Defendant's unlawful acts.

54.     Ms. Hunter has suffered emotional distress damages as a result of Defendant's unlawful acts.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Hunter, respectfully requests that this Court enter judgment in her favor and:

a.     Order Defendant to pay Ms. Hunter her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b.     Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c.     Pay compensatory damages;

d.     Pay punitive damages;

e.     Pay liquidated damages;

     f.      Pay for lost future wages;

     g.      Pay to Ms. Hunter all costs and attorney's fees incurred as a result of bringing this

action;

     h.      Payment of all pre and post judgment interest;

     i.      Provide to Ms. Hunter all other legal and/or equitable relief this Court sees fit to

grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Ms. Hunter, by counsel, respectfully requests a jury trial for all issues

deemed so triable.

Respectfully submitted:

/s/ *Tiffany R. Guthrie*
Tiffany R. Guthrie 35878-49
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
Tiffany@getstewart.com
Attorneys for Plaintiff,
Amy Hunter